**Sangram Singh HAMAL, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General, Respondent.**[1]

**No. 08–4472–ag.**

United States Court of Appeals, Second Circuit.

April 21, 2009.

Shifa Soressa, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Kristen G. Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**58**

### *SUMMARY ORDER*

Sangram Singh Hamal, a native and citizen of Nepal, seeks review of an August 25, 2008 order of the BIA affirming the October 30, 2006 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sangram Singh Hamal,* No. A99 340 250 (B.I.A. Aug. 25, 2008), *aff'g* No. A99 340 250 (Immig. Ct. N.Y. City Oct. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008).[2]

Substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied, in part, on Hamal's multiple voluntary returns to Nepal after he allegedly was threatened by the Maoist militia. Hamal argues that the IJ erred in relying on his voluntary returns from trips to Malaysia and India in concluding that he was not credible. Hamal explained that he returned to Nepal from Malaysia because that country did not have a procedure for political asylum protection. He similarly explains that

he traveled to India with his family to seek spiritual guidance, but could not stay there because Maoist leaders lived in India as well and would persecute them. The IJ reasonably found that Hamal's explanations contradicted his testimony and rejected them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). We have held that it is reasonable for an IJ to find an asylum claim implausible where one continually returned to the country where he or she allegedly feared persecution. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 68 n. 2 (2d Cir.2007); *see also Jean v. Gonzales,* 461 F.3d 87, 89–91 (1st Cir. 2006).

The agency also reasonably relied, in part, on discrepancies between Hamal's asylum application and his testimony. Hamal testified that his wife and children moved from their home in Lalitpur to Kathmandu to escape Maoist threats, however he omitted any such assertion from his asylum application. Further, Hamal failed to disclose in his application that his sister had moved into his home in Lalitpur and that she continued to receive threatening phone calls from Maoists. The IJ found these omissions to be "critical." We agree. Although an asylum applicant cannot be expected to include every detail of his claim in his application, *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), the omissions the IJ identified served to call into question the entirety of Hamal's claim, *see Majidi,* 430 F.3d at 80–81. The IJ also did not err in noting the absence of affidavits from Hamal's wife and sister where the absence of such corroboration rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

---

**2.** The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231

(2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin,* 534 F.3d at 165.

Ultimately, the agency's adverse credibility determination and the resulting denial of Hamal's application for asylum were supported by substantial evidence. *See Xiu Xia Lin,* 534 F.3d at 165–66. Because Hamal based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.